## JANE N. CARROLL ET AL. v. PAUL BOTSAI.

WILL. *Interpretation of. Case in judgment.*

The will of R. was as follows: "I bequeath to my wife my lot in the city of N." \* \* \* \* \* "And I also bequeath to my wife my P. plantation." \* \* \* \* \* \* \* \* "This bequest is subject to a legacy to M. and J. of $300 per annum." *Held,* that such legacy is not a charge on the lot in the city of N.

APPEAL from the Chancery Court of Adams County.

HON. WARREN COWAN, Chancellor.

John Robson died in 1856, leaving a will certain provisions of which are as follows: "I bequeath to my beloved wife all that lot of ground situated in Natchez, on Commerce street [property here fully described], the above described premises adjoining a lot conveyed this day to Mary and Jane N. Flintoff; and, I also bequeath, to my beloved wife, all my lands known as the 'Prospect Hill' plantation, containing nine hundred and fifty acres more or less, together with all the negroes on said plantation, and the impliments, stock and all other articles connected with the said plantation, including all the house servants, except those conveyed to Mary and Jane N. Flintoff by me this day in a bill of sale of this date; this bequest is subject to a legacy to Mary and Jane N. Flintoff of three hundred dollars per anumn to be paid to them in quarterly sums of seventy-five dollars, to continue during the natural life of one or both."

The property in the city of Natchez, mentioned in Robson's will, was conveyed by the heirs of the testator's widow, after her death, to one Hughes, who conveyed the same to Paul Botsai. Jane N. Flintoff, now Jane N. Carroll, and her husband filed this bill against Paul Botsai, asking that the property thus purchased by him be subjected to the payment of her legacy under the will of John Robson, deceased. The Chancellor held that the legacy was not a charge on such property, and dismissed the bill.

The complainants appealed.

*J. G. Leach,* for the appellants.

There is no ambiguity in the words "this bequest." They apply to a preceding bequest by the testator to his wife as a whole, and not to a component part of it. Nor is there anything in the context of the will which can be construed to limit the application of those words to only a part of the bequest.

W. P. & J. B. Harris, on the same side.

We insist that John Robson made and intended to make but one bequest or devise to his wife. This devise consisted of two separate tracts of land, and he, by the plain language of his will, has charged this bequest with the payment of $300 per annum to Mary and Jane N. Flintoff.

T. Otis Baker, for the appellee.

Under the well established rules of construction as illustrated, applied and enforced in the case of Evans v. Knorr, 4 Rawle, 66, and decisions therein cited, forming and unbroken current of authority, the court below was right in holding that the legacy in question was not a charge upon the property described in the bill of complaint; and the decree of the lower court should be affirmed.

Cooper, C. J., delivered the opinion of the Court.

We are of opinion that by the will of John Robson, the legacy given to Mary and Jane N. Flintoff was charged only on the "Prospect Hill" plantation and the personal property situated thereon.

*The decree is affirmed.*